IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Thomas Zakis,<br><br>               Plaintiff,<br><br>v.<br><br>MetTel,<br><br>               Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:20-cv-00045-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

## I.     BACKGROUND

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B)

(ECF 7).  *Pro se* Plaintiff Thomas Zakis (Plaintiff) was granted leave to proceed *in forma*

*pauperis* under 28 U.S.C. § 1915 (the IFP Statute) (ECF 2).  Plaintiff filed a Complaint (ECF 3)

asserting a claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et*

*seq.*, and an Amended Complaint (ECF 6) adding a claim under the Fair Credit Reporting Act

(FCRA), 15 U.S.C. § 1681, *et seq.*[1]  Before the court is Defendant MetTel's (Defendant) Partial

Motion to Dismiss (ECF 12) (the Motion) seeking dismissal of Plaintiff's ADEA claim pursuant

to Federal Rule of Civil Procedure 12(b)(6).[2]  In addition, the court will screen Plaintiff's FCRA

---

[1] Plaintiff improperly filed the Amended Complaint without seeking leave of court. *See* Fed. R. Civ. P. 15(a)(2); DUCivR 15-1 (requiring a plaintiff to file a motion for leave to file an amended complaint with a proposed amended complaint attached to the motion).  However, because Plaintiff is proceeding *pro se* and Defendant references the allegations in the Amended Complaint in the Motion without objecting to its procedural deficiencies, the court will consider the Amended Complaint as the operative pleading in this case.

[2] Plaintiff failed to timely file a response to the Motion.  *See* DUCivR 7-1(b)(3)(A) (requiring a response within 28 days after service of a motion filed pursuant to Rule 12(b)).  However, ten days after the deadline, Plaintiff filed an objection to the Motion (Objection) (ECF 16), to which Defendant later replied (ECF 17).  In the Objection, Plaintiff claims he was not properly served with the Motion because he changed his residence (ECF 16).  Plaintiff also filed a Notice of Change of Address with the court (ECF 15).  In light of these circumstances and Plaintiff's *pro se* status, the court will consider the Objection in deciding the Motion.

claim pursuant to the IFP Statute.  Having carefully considered the relevant filings, the court

finds that oral argument is not necessary and will decide this matter on the basis of written

memoranda.  *See* DUCivR 7-1(f).  For the reasons set forth below, the undersigned

RECOMMENDS that the court GRANT the Motion and dismiss without prejudice Plaintiff's

ADEA claim and FCRA claim.

## II.    LEGAL STANDARDS

Defendant requests dismissal of Plaintiff's ADEA claim pursuant to Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim (ECF 12).  A complaint fails to state a claim upon

which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard

"asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  A pleading

that contains "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" is insufficient.

*Id.*  A pleading that offers "labels and conclusions," consists of "a formulaic recitation of a cause

of action's elements," or tenders "naked assertion[s]" devoid of "further factual enhancement" is

also insufficient.  *Twombly*, 550 U.S. at 555–557.

Pursuant to the IFP Statute, the court will also consider whether dismissal of Plaintiff's

FCRA claim is warranted for failure to state a claim.  Whenever the court authorizes a party to

proceed without payment of fees under the IFP Statute, it is required to "dismiss the case at any

time if the court determines that . . . the action . . . fails to state a claim on which relief may be

granted."  8 U.S.C. § 1915(e)(2)(B)(ii).  In determining whether a complaint fails to state a claim

for relief under the IFP Statute, the court employs the same standard used for analyzing motions

to dismiss for failure to state a claim under Rule 12(b)(6).  *Kay v. Bemis*, 500 F.3d 1214, 1217–18

(10th Cir. 2007).  Under this standard, the court "look[s] for plausibility in th[e] complaint."  *Id.* at 1218 (quoting *Alvarado v. KOB–TV, L.L.C.*, No. 06–2001, 493 F.3d 1210, 1215 (10th Cir. 2007)).  The court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

In undertaking this analysis, the court is mindful that Plaintiff is acting pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *id.*, and it "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded," *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).  Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110.  With these standards in mind, the court turns to the sufficiency of Plaintiff's claims.

### III.    DISCUSSION

#### A.    ADEA Claim

Plaintiff asserts that Defendant discriminated against him in violation of the ADEA by failing to hire him because of his age of 58 (ECF 6 at 4).  An employer violates the ADEA if it "fail[s] or refuse[s] to hire . . . any individual . . . because of such individual's age."  29 U.S.C. § 623(a)(1).  The ADEA protects "individuals who are at least 40 years of age."  *Id.* § 631(a).  A plaintiff may prove an age discrimination claim under the ADEA "by providing either direct or circumstantial evidence of discrimination."  *Vazirabadi v. Denver Health and Hosp. Auth.*, 782 F. App'x 681, 688 (10th Cir. 2019) (citing *Roberts v. Int'l Bus. Machs. Corp.*, 733 F.3d 1306, 1308–09 (10th Cir. 2013)).  If the plaintiff relies on circumstantial evidence, the claim is reviewed under the *McDonnell Douglas* burden-shifting framework.  *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

Under that framework, the plaintiff has the initial burden of demonstrating that he "applied for an available position for which [he] was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination."  *Jones v. Azar*, 772 F. App'x 692, 696 (10th Cir. 2019) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, (1981)).  "If the plaintiff makes this initial showing, the burden shifts to the defendant to articulate a nondiscriminatory reason for not hiring the plaintiff. If the employer does so, then the burden shifts back to the plaintiff to produce sufficient evidence for a reasonable jury to conclude the defendant's proffered rationale is pretextual."  *Id.* at 696–97.

"To establish a prima facie case of age discrimination in the failure to hire context, the plaintiff must show: (1) he 'belongs to a protected class;' (2) he applied and was qualified for a job for which the employer was seeking applicants'; (3) despite being qualified, [he] was

rejected'; and (4) 'after plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of [plaintiff's] qualifications." *Id.* at 697 (quoting *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000)).   To succeed on an age discrimination claim, a plaintiff must show that "age was the 'but-for' cause of the challenged employer decision." *Desai v. Garfield Cty. Gov't*, No. 2:17-cv-00024-JNP-EJF, 2019 WL 636946, at *8 (D. Utah Jan. 17, 2019) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009).  Although "[a] plaintiff need not establish a prima facie case to survive a Rule 12(b)(6) motion," the elements are nonetheless relevant to determining whether plaintiff has stated a claim for age discrimination.  *See id.* (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012)).

Here, Plaintiff alleges that Defendant made an offer of employment to him and then rescinded it because a background check incorrectly showed a violation of driving on suspended license in 2010 (ECF 6 at 5; ECF 3-1 at 2).  Plaintiff further alleges that Defendant did not respond to his request for a background investigation report and denied that a background check had been conducted until he filed a claim with the Equal Employment Opportunity Commission (EEOC) (*Id.*).  Defendant argues that Plaintiff's ADEA claim is deficient because he fails to allege any facts showing that he was qualified for the position for which he applied, Defendant treated him differently from others, or Plaintiff's age was the but-for cause of Defendant's failure to hire him (ECF 12 at 2).  The court agrees.

Plaintiff allegations show that he belongs to a protected class under the ADEA as an individual over the age of 40.  However, while it may be inferred in that Plaintiff was offered the position, Plaintiff fails to specifically address whether he was qualified for the position and whether Defendant continued to seek applicants with similar qualifications.  Moreover, as noted

by Defendant, Plaintiff's allegations show that Defendant failed to hire Plaintiff for a nondiscriminatory reason because of a driving violation, not his age.  Thus, even construing the Amended Complaint liberally, Plaintiff's conclusory allegations fail to give rise to an inference of unlawful age discrimination or show that age was the but-for cause of Defendant's failure to hire him.  Because Plaintiff's allegations lack sufficient factual enhancement, the court concludes that Plaintiff has failed to state a claim for age discrimination.

Accordingly, the undersigned recommends that the court GRANT the Motion, dismiss Plaintiff's ADEA claim without prejudice, and grant Plaintiff an opportunity to file an amended pleading addressing the deficiencies in his Amended Complaint.

**B.     FCRA Claim**

In the Amended Complaint, Plaintiff asserts a claim for violations of the FCRA based on Defendant obtaining an inaccurate background check report from GIS Investigations, failing to timely provide him a copy of the report, and not allowing him to dispute inaccurate information in the report (ECF 6 at 7).  "Congress adopted the FCRA 'to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.'" *Jones v. Woods*, No. 2:15-cv-287 TS, 2015 WL 7281631, at *4 (D. Utah Nov. 16, 2015) (quoting 15 U.S.C. § 1681(b)).  The FCRA "provides civil liability for willful or negligent failure to comply with the statute."  *Owner-Operator Indep. Drivers Ass'n, Inc. v. USIS Com. Servs., Inc.*, 537 F.3d 1184, 1188 (10th Cir. 2008) (citing 15 U.S.C. §§ 1631n, 1681o).

A "consumer reporting agency" is defined as "any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other

information on consumers for the purpose of furnishing consumer reports to third parties . . ." 15 U.S.C. § 1681a(f). Plaintiff alleges that GIS Investigations furnished the consumer report to Defendant, which suggests that GIS Investigations is a consumer reporting agency under the FCRA. Plaintiff makes no allegations that Defendant meets the definition of a consumer reporting agency. Thus, any claim arising from the inaccuracy of the background check report is not properly asserted against Defendant and should be dismissed.

Although the scope of the FCRA is "generally limited to credit reporting," *Jones*, 2015 WL 7281631, at *4, the FCRA does impose the following subsequent disclosure requirements on employers: "After taking any adverse action based in whole or in part on a communication . . ., the employer shall disclose to the consumer a summary containing the nature and substance of the communication upon which the adverse action is based . . ." 15 U.S.C. § 1681a(y)(2). An "adverse action" includes "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." *Id.* § 1681a(k)(1)(B)(ii).

Plaintiff alleges that Defendant took an adverse action against him by denying him employment based on the driving violation in the background check report. This is sufficient to establish that the FCRA disclosure obligations were applicable to Defendant. Though Plaintiff complains that Defendant did not provide the report to him when he initially requested it, he acknowledges that Defendant provided a copy of the report when requested by his counsel (ECF 6 at 7). Plaintiff's chief complaint appears to be that Defendant failed to provide a copy of the report "in a timely manner" (*Id.*). However, it does not appear that the FCRA requires disclosure of the report within a designated time frame. The court therefore concludes that Plaintiff's FCRA claim arising from Defendant's failure to meet disclosure requirements is also deficient.

Accordingly, the undersigned RECOMMENDS that the court dismiss Plaintiff's FCRA claim without prejudice and grant Plaintiff leave to amend this claim.

## RECOMMENDATION

In summary, IT IS HEREBY RECOMMENDED that the Motion (ECF 12) be GRANTED, Plaintiff's claims be dismissed without prejudice, and Plaintiff be granted leave to file a second amended complaint within 15 days after the District Judge adopts or rejects the foregoing Report and Recommendation.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 16 July 2021.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah