IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Thomas Zakis,<br><br>                Plaintiff,<br>v.<br><br>MetTel,<br><br>                Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:20-cv-00045-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

This matter was referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B) (ECF 7). Before the court is a Motion to Amend (Motion) (ECF 24) filed by *pro se* Plaintiff Thomas Zakis (Plaintiff), which Defendant MetTel (Defendant) opposes (ECF 26). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(f). For the reasons set forth below, the undersigned RECOMMENDS that the court DENY the Motion and dismiss Plaintiff's claims with prejudice.

## I.    BACKGROUND

Plaintiff's Amended Complaint asserts claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*. (ECF 6). Defendant filed a Motion to Dismiss seeking dismissal of Plaintiff's ADEA claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (ECF 12). In a Report and Recommendation dated July 16, 2021, the undersigned recommended that Defendant's Motion requesting dismissal of Plaintiff's ADEA claim be granted, *sua sponte* recommended dismissal of Plaintiff's FCRA claim under 28 U.S.C. § 1915

for failure to state a claim, and recommended granting Plaintiff an opportunity to amend his claims (ECF 23). Before Judge Nielson issued his ruling, Plaintiff filed the instant Motion (ECF 24). Defendant opposes the Motion on the grounds of futility of amendment (ECF 26). Judge Nielson ultimately adopted the Report and Recommendation dismissing this action with leave to amend and noting that "[i]f leave to amend is denied on the ground that the proposed amendment would be futile, this action shall be dismissed with prejudice" (ECF 27). No reply memorandum was filed in support of the Motion.

## II.   DISCUSSION

Because Plaintiff is proceeding *pro se*, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not the court's function to assume the role of advocate on behalf of a pro se litigant. *See id.* The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997). The court will review the pending Motion in light of these standards.

Plaintiff seeks to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Rule 15 permits the court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the court may deny amendment for "repeated failure to cure deficiencies by amendments previously allowed" as well as "futility of amendment." *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Here, Defendant argues that amendment would be futile because Plaintiff has failed to correct the pleading deficiencies noted in the Report and Recommendation (ECF 26 at 4). These deficiencies were outlined in detail and included a

failure to allege sufficient facts in support of his ADEA claim and a failure to state a viable claim under the FCRA (ECF 23, at 5–7).

The court agrees that Plaintiff has failed to cure the deficiencies outlined in the Report and Recommendation. With respect to Plaintiff's ADEA claim, the proposed second amended complaint once again fails to include sufficient facts regarding Plaintiff's qualifications for the position at issue or showing disparate treatment in relation to other candidates with Plaintiff's qualifications (ECF 24-1 at 4). *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000) (listing the required elements to establish a prima facie case in the failure to hire context). The proposed amendment also repeats the failure to include facts showing a violation of the FCRA by Defendant as the employer and again includes facts relating primarily to the duties of a consumer reporting agency (*Id.*). *Compare* 15 U.S.C. § 1681a(y)(2) (listing the limited duties of an employer), *with id.* § 1681a(p) (defining a consumer reporting agency). Although the court previously explained the deficiencies with Plaintiff's pleading and granted him leave to amend for the purpose of curing those deficiencies, Plaintiff has failed to cure these deficiencies in the proposed second amended complaint. Because of his failure to heed instructions from the court, the court finds that giving Plaintiff another opportunity to amend his pleading would be futile. The undersigned therefore RECOMMENDS that the court deny Plaintiff's Motion (ECF 24).

The Tenth Circuit has upheld dismissals with prejudice for failure to cure pleading deficiencies on the grounds of futility of amendment. *See Fuentes v. Chavez*, 314 F. App'x 143, 145 (10th Cir. 2009) (concluding that "another opportunity to amend would be futile" where the district court told the plaintiff "plainly to add more facts," yet he failed to do so); *Ngatuvai v. Breckenridge*, 446 F. App'x 129, 130 (10th Cir. 2011) (concluding that "dismissal with prejudice

was appropriate because [the plaintiff] had been afforded ample opportunity to cure the deficiencies in his . . . complaint"). As explained above, granting Plaintiff another opportunity to amend his pleading would be futile in light of his failure to cure pleading deficiencies by amendment previously allowed. Accordingly, the undersigned RECOMMENDS that Plaintiff's claims be dismissed with prejudice.

## RECOMMENDATION

In summary, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Motion (ECF 24) be DENIED; and
2. Plaintiff's claims be dismissed with prejudice.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 8 December 2021.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah